**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1393**

MICHAEL JANOSKA; HOLLY JANOSKA,

              Plaintiffs - Appellants,

        v.

D.C. DEVELOPMENT, LLC; DEEP CREEK MARINA, LLC; ADRIAN
SPIKER, II,

              Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:07-cv-01232-WDQ)

Submitted:  February 6, 2009          Decided:  May 12, 2009

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Robert L. Allen, Pittsburgh, Pennsylvania; Victor Pribanic,
PRIBANIC & PRIBANIC, LLC, White Oak, Pennsylvania, for
Appellants.  Paul M. Finamore, Brett A. Buckwalter, NILES,
BARTON & WILMER, LLP, Baltimore, Maryland; John R. Merinar, Jr.,
Sara E. Hauptfuehrer, STEPTOE & JOHNSON, PLLC, Clarksburg, West
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael and Holly Janoska appeal from the district court's orders granting summary judgment in favor of Defendants in their action in which they asserted that Defendants' negligence resulted in Michael Janoska's physical injuries, and denying their motion for reconsideration of that order. The district court found that Janoska assumed the risk of injury when, while working as a snowmaker at a ski resort, he approached a pickup truck in which the driver had been driving erratically on the closed ski slopes.

In Maryland, assumption of the risk is an affirmative defense that operates as a complete bar to recovery. Crews v. Hollenbach, 751 A.2d 481, 488 (Md. 2000). A person assumes the risk if he "(1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." ADM P'ship v. Martin, 702 A.2d 730, 734 (Md. 1997) (citing Liscombe v. Potomac Edison Co., 495 A.2d 838, 843 (Md. 1985)). However, "if the defendant's tortious conduct has left [the plaintiff] no reasonable alternative course of conduct in order to . . . avert harm to himself or another," the acceptance of the risk is not voluntary. ADM P'ship, 702 A.2d at 735 (quoting Restatement (Second) of Torts § 496E).

Here, Janoska testified during his deposition that he approached the truck because he "was very concerned about the

fact that this person was going to cause damage to himself or the snowmaking equipment." Janoska also presented evidence that a lot of dangerous high voltage electric wires run to the snow machines. If the driver of the pickup truck were to damage the snowmaking machines, it could result in a significant risk of injury to the occupants of the truck and also to any other persons on the ski slope, including Janoska and all other snowmakers who were working on the slopes.

We find this evidence sufficient to create a jury question as to whether Janoska was left with "no reasonable alternative course of conduct in order to . . . avert harm to himself or another," ADM P'ship, 702 A.2d at 735, and thus whether he voluntarily accepted the risk of injury. Accordingly, we reverse the district court's grant of summary judgment on this issue and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

3